ERNEST FORD et al. v. STATE

No. A-5423. Opinion Filed May 1, 1926.
(246 Pac. 909.)

Sigler & Jackson, for plaintiffs in error.

The Attorney General, for the State.

BESSEY, P. J. The plaintiffs in error Ernest Ford and Neiville Elliott were each convicted of the unlawful possession of whisky. The punishment of Ford was fixed at a fine of $250 and 90 days in jail; that of Elliott at a fine of $100 and 6 days in jail.

The private residence of defendant Ernest Ford was searched by peace officers, who there found 7½ gallons of whisky. The search warrant was predicated upon the following affidavit:

"State of Oklahoma, Carter County—ss.;

"W. C. Keirsey, being duly sworn, says that Ernest —————, on the 21 day of March, 1924, in the county of Carter and state of Oklahoma, did then and there unlawfully have in his possession, with intent to sell or otherwise dispose of the same, in violation of law, certain intoxicating liquor, to wit: Intoxicants, and the property of the said defendant, Ernest Kurst, and that he, the said W. C. Keirsey, suspects that said property is concealed in his residence, 1511 N. W. in the city of Ardmore, Oklahoma.

"W. C. Keirsey.

"Subscribed and sworn to before me this 21 day of March, 1924.

"D. W. Butcher,

"Justice of the Peace."

This affidavit is defective in two particulars: First, the affiant states that he "suspects" that whisky was at the

private residence described; and, second, the affidavit does not state that this residence, or any part of it, was a shop, store, hotel, boarding or rooming house, place of storage, or a place of public resort.

Under the law of this state (section 7013, Comp. Stat. 1921), a private residence cannot be searched for alcoholic liquor, unless it comes within one of the exceptions above stated, and the magistrate had no jurisdiction to issue a search warrant for a private residence without such showing. Likewise, a magistrate is without jurisdiction to issue a search warrant predicated upon suspicion only, and where the magistrate has no such authority the search warrant issued by him is a nullity, under which a peace officer cannot legally act in any capacity. This is not an arbitrary rule of this court; it is in compliance with the express provisions of our statutes.

The judgment of the trial court is reversed.

DOYLE and EDWARDS, JJ., concur.